## SAMUEL VEACH vs. JOSEPH BAILIFF.

A commission to take depositions cannot be executed after the term to which it is returnable.

The deponent's signature at the close, covers the entire deposition.

It is no objection that a sealed deposition is returned by the hands of a party.

FOREIGN ATTACHMENT case.

Objection was made to the plaintiff's commissions, on the following grounds:—1. That the depositions of the witnesses *in chief* were not signed. They were signed at the end of the cross examination; at least the name was there; but there was no certificate even of the commissioner, that they were signed. The certificate was merely "attest," Buffinson, commissioner. (2 *Daniels' Ch. Pr.*, 485; 1 *Peere Wms.*, 414.) 2. For irregularity of return. The commission was taken out on the 28th of April, returnable to May term, 1852, and was not executed until November, when the authority of the commission expired, and the commissioner had afterwards no power to take testimony. (2 *Daniels' Ch. Prac.*, 501, 514.) 3. Because the return was brought to court by the hands of a party to the suit.

*Mr. Rodney.*—Each page is signed by the witness, at the bottom; the first page embraces a part of the examination in chief, the others the cross examination. All were signed by the witness, and the signature attested by the commissioner. But if there were no signature but the one at the end, it would apply to the original, as well as the cross examination. The protection furnished by a signature on each page is greater than one made merely at the end of the examination in chief and the cross examination.

2. It is true that the commission was issued in April, returnable in May, and was not executed until after the May term; but it was because it could not be executed sooner; and if this is a sufficient objection, it would be almost impossible to get a commission executed in a foreign country, between the terms of court.

3. It is no objection in our practice that a commission executed and sealed up, is returned by the hands of a party. It is the duty of a party to see to the examination and return of his commission.

*Mr. Guthrie* replied, that if more time was required to execute a commission than one vacation, it should not be made returnable at the next term but "sine dilatione."

*The Court* over-ruling the objections on the two other grounds, ruled out the deposition, because it was taken after the commission

was returnable, and of course after the authority of the commissioner ceased.

They suggested that perhaps this might be cured by a special continuance of the commission from term to term, or by a commission without special day of return.

Nonsuit.

*Rodney,* for plaintiff.
*Guthrie,* for defendant.